**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON STATE**

| | |
|---|---|
| Silbaugh, Alisha R., | CASE NO. 2:18-cv-01261 RSM |
| Plaintiff, | |
| v. | |
| Department of Transportation (DOT), | COMPLAINT FOR A CIVIL CASE |
| Elaine Chao, Secretary of DOT, | Jury Trial: ☒ Yes  ☐ No |
| Defendant. | |

**I.   THE PARTIES TO THIS COMPLAINT**

A.   Plaintiff: Alisha R. Silbaugh, 253.561.9655 Box 913, Kingston, Kitsap, Washington  98346.

B.   Defendant: Elaine Chao, Secretary of DOT, 202.267.3222 Office of the Chief Counsel, 800 Independence Avenue SW, Washington, DC  20591.

Plaintiff Alisha R. Silbaugh brings this action against Defendant Department of Transportation to compel compliance with the Freedom of Information Act (FOIA), U.S.C. 552.

Grounds therefore, Plaintiff alleges as follows:

## II. Basis for Jurisdiction

United States Code (USC) 552(a)(4)(B) and U.S.C. § 1331 are considered proper venues for this district pursuant U.S.C. 1391(e).  Plaintiff seeks to promote transparency, accountability, and integrity government and fidelity the rule law within jurisdiction against the Defendant through established by physical residency within this district.

Defendant is the United States Government that has possession, custody, and control of records which Plaintiff seeks access.  Defendant oversees the Federal Aviation Administration (FAA) Northwest Mountain Region in Seattle, Washington as it operates as a satellite office for the Office of the Chief Counsel, 800 Independence Avenue SW, Washington, DC  20591.

## III. Statement of Claim

For the period of November 16, 2015 to present, the Plaintiff has requested three (3) public records from the Defendant pursuant FOIA.  Defendant produced insufficient responses via the following email addresses:

    a. 7-AWA-ARC-FOIA@FAA.GOV

    b. 9-AAL-FOIA@FAA.GOV

    c. 9-ANM-FOIA@FAA.GOV

    d. FOIA-APPEALS@FAA.GOV

    e. Duke.Taylor@FAA.GOV

    f. Laurie.Karnay@FAA.GOV

    g. Mark.T.Collins@FAA.GOV

    h. Anita.Thomas@FAA.GOV

    g. Melanie.Yohe@FAA.GOV

The list of FOIA requests are hereby stated in chronological order:

1. FOIA Request 2016-000887 NM:

   a. On October 28, 2015, the Plaintiff requested the metadata of a FAA telephone record.

   b. On January 8, 2016, the Defendant responded with statements that conflicts the official self-disclosure report the FAA employee made to his immediate supervisor.

   c. The Plaintiff compared the FAA employee's statement to the Defendant's response and rendered the FOIA production insufficient.

2. FOIA Request 2017-005963 WS:

   a. On April 20, 2017, the Plaintiff requests yet again for the complete and truthful account of the same telephone record.

   b. On April 26, 2017, the Defendant then claims via letter to find "no record" whatsoever.

   c. On November 17, 2017, the Defendant affirmed the April 26, 2017 finding.  Both the FAA employee and the outside caller confirmed directly to me that they conversed yet the Defendant persists to produce conflicting statements on that specific telephone record.

3. FOIA Request 2018-009603 AL:

   a. On June 10, 2018, Plaintiff requested information about a current employee of the Defendant, identified as Michelle Root, Personnel Security and Investigations Manager of the Federal Aviation Administration (FAA).  Ms. Root has made extensive communications about the Plaintiff and may have knowingly and willingly interfered with due process regarding the Plaintiff's complaints about workplace discrimination as recorded by the two EEO Reports of Investigation under case 2:17-cv-01759-RSM.

   b. On August 23, 2018, the FOIA office identified FAA employee "Kurt Owermohle" as a point of contact, but no status was provided at the time of this filing.

1  The Plaintiff hereby requests any and all records communications, including, but not limited to, emails, text messages, discussions, and handwritten notes exchanged about the above-mentioned FOIA requests.  The time frame for the requested records is dated during her term of employment at the FAA: September 21, 2014 to February 17, 2017 and thereafter for any and all relevant materials within the scope of this complaint.

Plaintiff alleges that the Defendant has failed to produce requested records that (i) demonstrate the requested records are lawfully exempt from production; (ii) notify Plaintiff the scope any responsive records Defendant intends produce withhold and the reasons for any withholdings; and (iii) inform Plaintiff that may appeal any adequately specific, adverse determination.

Plaintiff being irreparably harmed by the Defendant by the apparent FOIA violation, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.  Via the FOIA administrative exhaustion requirement, the Defendant was required to determine whether or not to comply with Plaintiff request within the stated time limits of the set FOIA.  Defendant understands that a complete and truthful response establishes a sufficient response thus admitting the Plaintiff's meritorious claims of workplace discrimination.

Defendant was obligated to: (i) gather and review the explicit requested documents; (ii) determine and communicate Plaintiff the scope any responsive records Defendant intended produce withhold and the reasons for any withholdings; and (iii) inform Plaintiff that may appeal any adequately specific, adverse determination. See, e.g., Citizens for Responsibility and Ethics Washington Federal Election Commission, 711 F.3d 180, 188-89 (D.C. Cir. 2013).  Because Defendant failed to sufficiently comply with Plaintiff FOIA requests, the Plaintiff is deemed to have exhausted all other administrative appeal remedies. U.S.C. 552(a) (6) (C) (i).

## IV.   RELIEF

Should the Defendant be found to fail to properly serve and found in violation of FOIA, USC 552, Plaintiff respectfully requests the Court: (1) order Defendant conduct searches for any and all records responsive Plaintiff FOIA requests and demonstrate that employed search methods reasonably likely lead the discovery records responsive Plaintiff FOIA request; (2) order Defendant produce, date certain, any and all non-exempt records responsive Plaintiff FOIA request and Vaughn index any responsive records withheld under claim exemption; (3) enjoin Defendant from continuing withhold any and all non-exempt records responsive Plaintiff FOIA request; (4) grant Plaintiff award potential attorney's fees and other litigation costs reasonably incurred this action pursuant U.S.C. 552(a)(4)(E); and (5) grant Plaintiff such other relief the Court deems just and proper.

## V.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this 24th of August, 2018.

*Alisha Silbaugh*
Alisha Silbaugh, Pro Se