UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALISHA R SILBAUGH,

    Plaintiffs,

    v.

DEPARTMENT OF TRANSPORTATION, *et al.*,

    Defendants.

Case No. C18-1261RSM

ORDER OF DISMISSAL

    This matter comes before the Court *sua sponte* on the Court's Order to Show Cause, Dkt. #10. Plaintiff Alisha Silbaugh has named as Defendants the Department of Transportation and Secretary Elaine Chao. Dkt. #1-1. No Defendant has appeared in this matter.

    Plaintiff Silbaugh filed this case on August 24, 2018. Dkt. #1. The Complaint was posted on the docket on August 27, 2018. Dkt. #5. Summonses were provided to Plaintiff on September 10, 2018, with a letter explaining how to fill them out. Dkt. #8. The following day, Ms. Silbaugh submitted purported proof of service. *See* Dkt. #9; *see also* Dkt #11-2.

    The Joint Status Report was due in this case by October 19, 2018. Dkt. #7. No Joint Status Report has been filed. On November 8, 2018, the Court issued an Order to Show Cause why this case should not be dismissed for this failure. On November 30, 2018, Ms. Silbaugh filed a Response stating that "Plaintiff has shown cause by delivering the complaint and summons to the defendant via Certified mail" and that "[c]opies of the summons and complaint were sent to the Acting Attorney General, 950 Pennsylvania Avenue, NW… in compliance of Rule

ORDER OF DISMISSAL - 1

4(i)(1)(B)." Dkt. #11 at 1. Ms. Silbaugh does not explain why she did not file a status report, or otherwise explain her attempts at service, by the due date for the Joint Status Report.

The above evidence indicates a failure to properly serve Defendants under Federal Rule of Civil Procedure 4 and failure to prosecute this case. Rule 4(i) requires the plaintiff to send a copy of the summons and the complaint by registered or certified mail to the Attorney General in Washington, D.C. *and* to "the civil-process clerk at the United States attorney's office" for the district where the action was brought, *and* to "the agency, corporation, officer, or employee" being sued in an official capacity. Fed. R. Civ. P. 4(i). This explains why no Defendant has appeared. Further, the 90-day time limit for service has now passed. *See* Fed. R. Civ. P. 4(m).

This is not Ms. Silbaugh's first attempt and failure to properly serve the United States and/or one of its agencies under the same or similar circumstances. *See* Case No. 2:17-cv-1759-RSM, Dkt. #33 (failure to mail signed summons to the Attorney General); Case No. 2:18-cv-569-RSM, Dkt. #17 (failure to follow the procedures of Rule 4(i)); Case No. 2:18-cv-01182-JCC Dkt. #17 (response from United States challenging the adequacy of service).

The Court finds that Ms. Silbaugh has failed to comply with Rule 4 and failed to prosecute her case. Ms. Silbaugh provides no valid basis for extending the time limit for service. Further, given her prior track record in this Court, the Court finds that dismissal is warranted at this time.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 4 day of December 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 2